UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAN WHITE, d/b/a "It's Pawsible," <br><br> Plaintiff, <br><br> v. <br><br> WAYNE PARKS, ELIZABETH OSTROWSKI-PARKS, and IT'S PAWSIBLE DOG TRAINING CENTER, INC., <br><br> Defendant. | CASE NO. 4:15-CV-5011-EFS <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND ENJOINING PLAINTIFF'S USE OF "IT'S PAWSIBLE"** |
| WAYNE PARKS and ELIZABETH OSTROWSKI-PARKS, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> ALAN WHITE, d/b/a "It's Pawsible," <br><br> Counterclaim-Defendant. | |

It is more than possible that two dog-obedience training businesses use the name It's Pawsible: it happened. Plaintiff Alan White operates a dog-obedience training business under the names It's Pawsible and Al's Pawsible in Washington. Defendants Wayne Parks and Elizabeth Ostrowski-Parks operate a business under the nationally registered mark, It's

ORDER - 1

Pawsible, in Massachusetts. Before the Court, without oral argument, is the Parks' Motion for Partial Summary Judgment, ECF No. 25, which seeks summary judgment in their favor on their trademark-infringement counterclaim and on Mr. White's claim for declaratory judgment of non-infringement, regarding Mr. White's use of the marks It's Pawsible and Al's Pawsible. After reviewing the record and relevant authority, the Court grants the Parks' motion as to It's Pawsible and denies the motion as to Mr. White's use of Al's Pawsible.

**A.   Factual Statement[1]**

In 2006 or 2007, Massachusetts residents Wayne Parks and Elizabeth Ostrowski-Parks began marketing and selling dog-obedience training services under the name It's Pawsible. It's Pawsible's services include dog-obedience training classes and videos that can be purchased onsite or online at http://www.itspawsible.com. Answer, ECF No. 14 ¶ 2; Parks Decl., ECF No. 26 ¶ 3. On February 26, 2007, the Parks registered It's Pawsible as a trademark with the U.S. Patent and Trademark Office's Principal Register in International Class 41 for "dog obedience training instruction." *Id.* ¶ 4. Trademark registration was granted for It's

---

[1] When considering this motion and creating this factual section, the Court 1) believed the undisputed facts and the non-moving party's evidence, 2) drew all justifiable inferences therefrom in the non-moving party's favor, 3) did not weigh the evidence or assess credibility, and 4) did not accept assertions made by the non-moving party that were flatly contradicted by the record. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Scott v. Harris*, 550 U.S. 372, 380 (2007).

ORDER - 2

Pawsible to the Parks on November 13, 2007. *Id.* ¶ 5 & Ex. A. The trademark registration was later extended to November 2017. *Id.* ¶ 6.

On the other side of the United States, during this same time frame, Alan White obtained a license from the Washington State Department of Licensing to operate "It's Paws-ible Dog Training" and registered that trade name in Washington on August 21, 2007. Atkins Decl., ECF No. 27, Ex. A. Mr. White opened an account with the Washington State Department of Revenue and obtained a tax identification number under that name. *Id.*, Ex. B. Mr. White markets his dog-obedience training services in the Tri-Cities, Washington through It's Pawsible Dog Training and Al's Pawsible Dog Training and uses two web addresses: http://itspawsible.webs.com/ and http://www.alspawsibledogtraining.com. Atkins Decl., ECF No. 27, Exs. C & D.

Because both businesses operate under the name It's Pawsible, at least one individual, and possibly two individuals, mistakenly contacted the Parks in Massachusetts, rather than Mr. White in Washington, for dog-obedience services in Tri-Cities, Washington. ECF No. 26, Ex. D; ECF No. 33, Ex. 1 ¶¶ 9 & 10. In addition to these two businesses, a number of other animal-related businesses utilize some form of "pawsible" in their business name. ECF No. 33, Ex. 1, ex. A.

In January 2015, following the second instance of customer confusion, Mr. Parks contacted Mr. White and advised him that he owned a federal trademark registration for It's Pawsible for dog-obedience training services and requested that Mr. White cease and desist using the names It's Pawsible and Al's Pawsible. On January 29, 2015, Mr. White filed this lawsuit against the Parks, seeking a declaratory

ORDER - 3

judgment that It's Pawsible and Al's Pawsible do not constitute trademark infringement as to the Parks' It's Pawsible Dog Training Center and Day Camp. ECF No. 1. Thereafter, the Parks filed this summary-judgment motion requesting the Court enter summary judgment in their favor on their counterclaim for trademark infringement and on Mr. White's claim for a declaratory judgment of non-infringement. ECF No. 25.

**B.   Standard**

Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party opposing summary judgment must point to specific facts establishing a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). If the non-moving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary-judgment motion. *Celotex Corp.*, 477 U.S. at 322.

**C.   Analysis**

"The Lanham Act provides national protection of trademarks in order to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198 (1985). To prevail on their trademark-infringement counterclaim, the Parks must prove they have a valid protectable trademark with priority over Mr. White's use and that Mr. White's use

of the same or similar mark is likely to confuse the public. *See Brookfield Comms., Inc. v. W. Coast Enter't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837 (9th Cir. 1987). Federal registration of the mark is prima facie evidence of mark ownership. Lanham Act § 7(b), 15 U.S.C. § 1057(b)[2]; Lanham Act § 33(a), 15 U.S.C. § 1115(a)[3].

Here, the Parks registered the mark It's Pawsible with the federal government. Accordingly, the Parks are presumed to own the It's

---

[2] "A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate." 15 U.S.C. § 1057(b).

[3] "Any registration issued under the Act of March 3, 1881, or the Act of February 20, 1905, or of a mark registered on the principal register provided by this chapter and owned by a party to an action shall be admissible in evidence and shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration subject to any conditions or limitations stated therein, but shall not preclude another person from proving any legal or equitable defense or defect, including those set forth in subsection (b) of this section, which might have been asserted if such mark had not been registered." 15 U.S.C. § 1115(a).

ORDER - 5

Pawsible mark since February 6, 2007—the filing date of the Parks' application for federal registration of the mark. *See Dep't of Parks & Rec. for the State of Calif. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1125-26 (9th Cir. 2006). Mr. White can overcome this presumption of validity with evidence that he was the first to use the mark in the sale of goods or services. *See Sengoku Works Ltd. v. RMC Intern., Ltd.*, 96 F.3d 1217, 1220 (9th Cir. 1996); *Brookfield Comm'ns, Inc.*, 174 F.3d at 1047.

The record before the Court shows that Mr. White began operating his business either in the summer or fall of 2007—well after the Parks began their It's Pawsible dog-obedience business and applied for federal registration of the It's Pawsible mark in February 2007. Accordingly, the Court finds Mr. White has not rebutted the presumption that the Parks' registered It's Pawsible mark is valid and has priority over his use. However, there is no evidence in the record, nor do the Parks claim, that they registered an Al's Pawsible mark or have used Al's Pawsible in their dog-obedience business.

The next question is whether Mr. White's continued use of It's Pawsible and/or Al's Pawsible is likely to confuse the public. To answer this question, the Court considers the *Sleekcraft* factors under the totality of the circumstances: 1) the strength of the mark, 2) relatedness of the goods, 3) similarity of the marks, 4) evidence of actual confusion, 5) marketing channels used, 6) likely degree of purchaser care, 7) defendant's intent in selecting the mark, and 8) likelihood of expansion of product lines. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 631 (9th Cir. 2005); *AMV, Inc. v.*

*Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogation in part on other grounds recognized by Mattel, Inc. v. Walking Mtn. Prods.*, 353 F.3d 792, 810, n.19 (9th Cir. 2003). The relative importance of each factor is case specific. *Multi Time Machine, Inc. v. Amazon.com, Inc.*, No. 13-55575, --- F.3d ----, 2015 WL 4068877, *5 (9th Cir. July 6, 2015). When analyzing a summary-judgment motion, a court may be "far from certain that consumers were likely to be confused [and still be] confident that the question is close enough that it should be answered as a matter of fact by a jury, not as a matter of law by a court." *Multi Time Machine*, 2015 WL 4058877, *5 (quoting *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1031 (9th Cir. 2010)). And the court may not make assumptions about the sophistication of would-be consumers. *Id*. at 7. "If there is a genuine issue of fact as to any of the factors, there is more likely to be a genuine issue of fact as to whether there is likelihood of confusion. The party opposing summary judgment "need not show that every factor weighs in his favor, [he must] only . . . make a strong showing as to some of them." *Id*. at 6. Yet, where evidence of actual confusion is submitted, it strongly supports a finding of a likelihood of confusion. *Id*. at 8.

After considering these *Sleekcraft* factors, the Court determines, as a matter of law, that Mr. White's use of It's Pawsible is likely to cause confusion with the Parks' It's Pawsible mark. The language of the marks is identical. Both businesses provide dog-obedience training and market on the internet by having a website for their business. Finally, at least one of Mr. White's clients, and possibly two, have

confused the Parks' business with Mr. White's business, notwithstanding that these businesses are located on opposite sides of the United States. Accordingly, when viewing the evidence in the light most favorable to Mr. White, the Court determines Mr. White failed to dispute that his use of It's Pawsible is unlikely to cause confusion with the Parks' valid It's Pawsible trademark. Therefore, because Mr. White's continued use of It's Pawsible is likely to cause confusion with the Parks' valid mark, the Parks are entitled to summary judgment on their counterclaim of trademark infringement in regard to Mr. White's use of It's Pawsible, and to summary judgment in their favor on Mr. White's claim for a declaratory judgment of non-infringement in regard to his use of It's Pawsible.

Yet, the Court finds the *Sleekcraft* factors do not support a finding as a matter of law that Mr. White's use of Al's Pawsible is likely to cause confusion with the Parks' It's Pawsible mark. Both names do contain "Pawsible." And the first word of each name contains an "'s" after two letters. "Al's" is an abbreviation for Alan, Mr. White's first name—it is specific to the owner; whereas, "It's" is a generic term. Both words are three-letter words but they do not rhyme or refer to the same matter. There is no evidence that Mr. White intended to cause confusion by using the name Al's Pawsible. *See Multi Time* Machine, 2015 WL 4068877, *7. While this is a very close question for the Court on the point of consumer confusion, the Court must draw all reasonable inferences in favor of the non-moving party. Having done so, the Court finds there is currently a genuine dispute of material fact as to Mr. White's use of Al's Pawsible and denies the Parks summary

judgment on their counterclaim of trademark infringement in regard to Mr. White's use of Al's Pawsible.[4]  It's possible that discovery will prove enlightening.

**D.  Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. The Parks' Motion for Partial Summary Judgment, **ECF No. 25**, is **GRANTED IN PART (It's Pawsible) and DENIED IN PART (Al's Pawsible).**

2. Summary judgment is entered in the Parks' favor on their trademark-infringement counterclaim as to It's Pawsible.

3. Mr. White's claim for a declaratory judgment that his use of It's Pawsible does not infringe the Parks' registered trademark is denied as a matter of law.

4. Mr. White and his agents, servants, employees, representatives, successors and assigns, and all others acting in concert or participation with him are permanently enjoined from:

    a. Using or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the Parks' IT'S PAWSIBLE registered trademark in connection with providing, offering to provide, selling, offering to sell,

---

[4] Mr. White has not moved for summary judgment in his favor in regard to his claim that his use of Al's Pawsible does not constitute trademark infringement.

ORDER - 9

promoting, or advertising dog-training services and related goods and services;

b. Registering or continuing to register any domain name that contains any simulation, reproduction, counterfeit, copy, or colorable imitation of the Parks' IT'S PAWSIBLE registered trademark, including itspawsible.webs.com, which Mr. White shall transfer to the Parks within ten days from the date of this Order.  The Parks are to begin paying for the use of this domain name from that point forward if they desire to retain the domain; and

c. Using the names and logos of the Parks' IT'S PAWSIBLE trademark in any trade or corporate names.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this   4th   day of August 2014.

                      s/Edward F. Shea
                      EDWARD F. SHEA
          Senior United States District Judge